Bigger, J.
After careful consideration of the evidence and argument of counsel, I am of opinion the plaintiff is not entitled to the extraordinary relief of injunction. I do not rest this entirely or mainly upon the ground that his laches have estopped him from asking the extraordinary remedy of injunction.
It appears from the evidence, and this is not denied by the plaintiff, that he gave his consent in writing for the construction of this railway along the street upon which his property abuts. That being true, there is no question as to the imposition of additional burdens on the easement. Having consented to the construction of the road he can not complain that it is an additional burden, but notwithstanding his consent he may complain if his easement of ingress and egress, which is a property right appertaining to his realty, is materially interfered with. But it is to be remembered that in the construction of railways from one street into another, crossing-each other at practically right angles, it is unavoidable that the track will approach nearer to the abutting property at the corner where the curve turns than where the track lies parallel with the side of the street.
In this case there is a space of more than ten feet between the inside track, and the lot.line of the plaintiff. It appears that there has been a sidewalk constructed along the west side of plaintiff’s property, and this track passes within a short distance of this sidewalk. Plaintiff himself testified that it cut off a portion of the sidewalk, but the plat, which the evidence shows was made according to accurate measurements, shows that if t.bi« sidewalk be constructed to a point where it will intersect the south property line of plaintiff’s lot, it will not reach the inside rail of the curve; it may be true that as a ear passes a small portion of it will extend over the corner of the sidewalk, but in my opinion this is not a matter of which the plaintiff can complain, if the ' construction is reasonably necessary from an engineering standpoint, and both Mr. Braun, the county engineer, and Mr. Whysall, who has had long experience in the construction and operation of such roads, testify that this curve is constructed upon correct engineering principles, and that it is a reasonable *268 curve in view of the grade of the Mock road as it approaches High street from the south, Mr. 'Whysall testifying that to change this grade it would be necessary to change the grade of the street.
Most of the cases cited by counsel have reference to estoppel of parties by their laches, and no cases have been cited in point— that is eases with reference to encroachment upon corners by the construction of street or interurban railways.
I cite as apparently in point upon this question the case of Clark v. the Third Street Passenger Railway Company, 3 Philadelphia, 259; and also a ease reported in the third volume of the Street Railway Reports, at page 726, a case decided by the Supreme Court of North Carolina. In both of these cases it will be found that the cars in passing around the corner extended for some distance over the sidewalk, but notwithstanding that the courts held that this was not a material interference with the easement of ingress and egress of the abutter.
It is true of many other vehicles than street cars that as they pass the corners they go very near the curb as the worn condition of most curbs at the corner testify.
No part of the track of the street railway company is nearer than ten feet to the corner of plaintiff’s lot, and if it interferes to some extent with the sidewalk in passing around the corner that is an interference which is common to both the plaintiff and the public at large, as the sidewalk is a part of the street, as well as the part devoted to a roadway.
I conclude, therefore, that the plaintiff is not entitled to an injunction requiring the removal of the tracks at this point.